EL PUEBLO, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción a los Reglamentos de Sanidad.

No. 883.—Resuelto en enero 26, 1916.

INFRACCIÓN DE LOS REGLAMENTOS DE SANIDAD—VENTA DE PAN SIN ESTAR PROTEGIDO CONTRA EL POLVO.—En este caso la prueba demostró que se había vendido pan sin estar protegido contra las moscas y el polvo y por tanto que se había cometido una infracción al artículo 17 del Reglamento de Sanidad No. 30. También se demostró que el pan no fué vendido por el acusado quien se limitó a conducirlo por orden de su principal al lugar de su destino. *Se resolvió:* Que el acusado no era culpable de la infracción cometida.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Texidor & Martínez Alvarez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La acusación en lo pertinente, dice así:

"El Fiscal formula acusación contra Dolores Rodríguez y Benigno Fernández por un delito de infracción al artículo 17 del Reglamento de Sanidad No. 30, *misdemeanor,* cometido como sigue: Los citados acusados allá el día 1 de mayo de 1915, en Santurce que forma parte del Distrito Judicial de San Juan, ilegal y voluntariamente expendieron pan sin estar éste envuelto en el papel correspondiente; cuyo pan procedía de la panadería de la cual es administrador el acusado Fernández y lo transportaba el acusado Rodríguez, sin llevarlo preservado del polvo y las moscas según ordena dicho reglamento."

Y el precepto reglamentario infringido es como sigue:

"Reglamento de Sanidad No. 30. 'Art. 17.—El pan se conservará en las panaderías y en los establecimientos para su venta, protegido contra insectos y el polvo. Debe venderse envuelto en papel.

" 'El transporte del pan se efectuará en carros adecuados, también protegidos contra el polvo y las moscas.' "

Practicada la prueba, fué absuelto Benigno Fernández de quien la acusación decía que era el administrador de la panadería que había vendido el pan sin estar envuelto en la forma exigida por la ley. El otro acusado Dolores Rodríguez, que es el apelante, fué condenado a pagar una multa de veinte y cinco pesos y en defecto de pago un día de cárcel por cada peso dejado de satisfacer.

La prueba demuestra claramente a nuestro juicio que el pan ocupado se envió por la panadería "La Unión" al Asilo de Niñas situado en la carretera de Santurce, parada 15, sin estar envuelto en papel. La infracción quedó, pues, plenamente comprobada. Mas ¿quién es el verdadero responsable de ella? El alegado administrador de la panadería fué absuelto por no haberse demostrado que desempeñara tal cargo. Se condenó al apelante ¿y qué hizo el apelante? La prueba no demuestra que vendiera el pan, ni que lo despachara siquiera en la panadería. Simplemente establece el hecho de

que era un peón asalariado encargado de conducir el pan a
los sitios donde se le ordenaba, y a nuestro juicio, tal hecho
no es suficiente para considerarlo culpable de la infracción
que se investiga.   El del acusado no es el caso corriente del
vendedor de pan a domicilio, porque si bien en dicho caso en
la mayor parte de las ocasiones el artículo no pertenece al
vendedor, no puede negarse que éste realiza actos propios
de los cuales es personalmente responsable.

De más está consignar la importancia del estricto cum-
plimiento de las leyes sanitarias.   La salud del pueblo es ley
suprema y debe protegerse por todos los medios que sean jus-
tos y procedentes. Pero al fijar responsabilidades debe cas-
tigarse a los verdaderos autores de la infracción o delito;
no a los que sin culpa intervienen incidentalmente en la reali-
zación de los hechos.

Procede la revocación de la sentencia apelada y la abso-
lución del acusado.

*Revocada la sentencia y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.